Alex N. Jilizian (CA Bar No. 362307)
(pro hac vice pending)
alex@paronichlaw.com

PARONICH LAW, P.C.
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
Phone: (213) 866-5293
Fax: (508) 318-8100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrew Brigida, individually and on behalf of a class of all persons and entities similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>Stratify, LLC d/b/a Painter1;<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive

relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Andrew Brigida ("Plaintiff") brings this action under the TCPA alleging that Stratify, LLC d/b/a Painter1 ("Defendant") sent telemarketing calls and text messages promoting their goods or services, including to individuals who were on the National Do Not Call Registry. Such calls were made without the call recipient's prior express written consent.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure

**Parties**

6. Plaintiff is an individual residing in this District.

7. Defendant is headquartered in Spanish Fork, Utah County, Utah.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and the calls were sent to Plaintiff from this District.

## TCPA Background

National Do Not Call Registry:

10. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq*.

11. Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods

and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

14. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

15. This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

16. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

**Factual Allegations**

17. Defendant is a franchise development and management company in the painting and home-improvement industry.

18. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's telephone number, 480-250-XXXX, is on the National Do Not Call Registry and has been registered continuously since April 4, 2014.

20. Plaintiff's telephone number is used for residential purposes and is not associated with a business.

21. Plaintiff's telephone number is assigned to a residential telephone exchange service for consumers, not a telephone exchange service for businesses.

22. Plaintiff uses the telephone number for personal, family, and household purposes.

23. Plaintiff uses his cell phone number for personal use only as one would use a landline telephone number in a home.

24. Plaintiff uses his cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

25. Plaintiff does not have a landline in his home.

26. Plaintiff does not have any other telephone number.

27. Plaintiff's cell phone plain is paid for by Plaintiff himself and he is not reimbursed by a business.

28. Plaintiff's cellular telephone has never been associated with a business.

29. Plaintiff has never used his phone number in any business or marketing materials.

30. Plaintiff has never done any business with Defendant.

31. Despite this, Plaintiff received several calls and text messages from Defendant.

32. On October 23, 2026, at approximately 5:12 p.m., Plaintiff received a telephone call and voicemail from Defendant at telephone number (623) 471-4471.

33. The caller identified herself as "Laura" with Painter1 and attempted to schedule an estimate for a painting project.

34. In the voicemail, Laura stated that she was with painter one and that she was:

> reaching out to see what your schedule looked like next week so that we can uh come give you an estimate for your painting project. Please give me a call or text back at this number at your earliest convenience.

35. Plaintiff never contacted Defendant, requested painting services, submitted an inquiry, or provided consent to receive telephone solicitations.

36. The voicemail nevertheless suggests that Defendant was following up regarding a painting project, even though Plaintiff had never requested an estimate.

37. Plaintiff also received unsolicited painting solicitation text messages from Defendant.

38. Those messages identified the sender as “AZ Painter” and advertised discounted interior and exterior painting services in Cave Creek, Arizona.

39. The messages included follow-up solicitations asking whether Plaintiff wanted a quote.

40. Plaintiff subsequently responded to the AZ Painter messages to identify the company.

41. Defendant then advised that someone would contact him from a different telephone number.

42. Screenshots of some of the text messages are provided below:




43. All of the text messages advertised and marketed the Defendant's painting business and were sent with the intention of gaining Plaintiff as a customer.

44. Plaintiff never asked for these calls.

45. Plaintiff never did any business with the Defendant.

46. The calls were made over thirty-one days after Plaintiff's number was registered with the National Do Not Call Registry.

47. Plaintiff's privacy has been violated by the above-described telemarketing calls.

48. Plaintiff never provided his consent or requested the calls.

49. The calls were all unwanted, nonconsensual encounters.

50. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

51. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

52. Plaintiff brings this action on behalf of himself and the following classes (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

53. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant (3) within a 12-month period (4) from four years prior to the filing of the case through the date of class certification.

54. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

55. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

56. Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

57. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

58. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

59. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

60. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

61. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made telemarketing calls to numbers on the National Do Not Call Registry;

b. whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;

c. whether Defendant's conduct constitutes violations of the TCPA; and

d. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

62. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

63. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

64. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

65. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

66. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

67. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

68. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

69. Defendant's violations were negligent, willful, or knowing.

70. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

71. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: November 16, 2026

*/s/ Alex N. Jilizian*
Alex N. Jilizian (CA Bar No. 362307)
(pro hac vice pending)
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com